Jackson v. Vandyke.

---

JACKSON, LESSEE OF TENBROKE, v. VANDYKE.

1. When one of the parties in an ejectment refuses to agree to a *view*, the court will not allow him to show to the jury a map made of the premises, on a former ejectment, nor one drawn by a surveyor. A will purporting to be signed by three witnesses, and sworn to by two, who say nothing with regard to the third subscribing witness, is sufficiently proved to go to the jury.

2. One who holds part of the land in dispute, an incompetent witness.

3. A map, good evidence against parties to it—*secus* against one claiming adversely to both.

This was an ejectment for lands lying in Somerset county, and on the trial, which was at bar, these points were ruled by the court.

The plaintiff, after producing and proving a patent for two thousand acres on the Millstone, dated in 1688, offered to show to the jury a map drawn by one Stevens, his surveyor. It was objected to.

PER CUR. There was a rule for a view; the plaintiff refused to join in it or attend; this map is, therefore, *ex parte*, and cannot be shown to the jury.

The plaintiff offered a map of the premises in dispute, made upon a former ejectment between the same parties, which had been referred to arbitrators and a view taken.

Jackson v. Vandyke.

PER CUR. This must be rejected also. The plaintiff, by refusing to join in the view, has prevented the jury from having seen the lands in question, and thereby put it out of their power to detect misrepresentations or mistakes.

The plaintiff offered the will of one Neil, under whom he claimed, dated October 30th, 1734, proved by *two* witnesses, who swear it was executed in their presence, but the proof is totally silent with regard to the other, or *third* witness.

[29] This was objected to, because by the act of the legislature of New Jersey, passed 17th of March, 1713–14, (*Paterson's Laws of N. J.* 5,) it was required that the testator should execute his will in the presence of three witnesses. *Sed non allocatur*—PER CUR. The will is shown to be signed by three witnesses; the proof is according to the custom which has been long recognized—the will is evidence for the jury. (*a*)

The plaintiff offered one Corshaw as a witness.

PER CUR. He holds part of the land in controversy, and cannot be admitted as a witness to the title.

He then offered a map corresponding, as was stated, with a deed of partition that had been given in evidence, alleging that it had been delivered with the deed, and that possession had gone with it.

PER CUR. It is evidence against the parties themselves, but it cannot be admitted for them against one claiming in opposition to their title.

(*a*) The doctrine laid down by the court is directly at variance with the decisions of other courts and the now acknowledged law. See particularly 4 *Day's Conn. Rep.* 51; *Curtiss* v. *Strong, Comyn's Rep.* 91; *Hilliard* v. *Jennings, Carthew* 514; 1 *Ld. Ray.* 505; 2 *Bay.* 484, *Hopkins* v. *Albertson.* See *Pat. Laws of N. J., fol.* 5, § 2, and *fol.* 397, § 7, which make the records of wills and transcripts of record certified, as good evidence as if the will was produced and proved.